## No. 4816.

### MARX ISRAEL VS. TEUTONIA INSURANCE COMPANY.

The difference between the amount sworn to by the assured and the value proved on the trial is not necessarily evidence of fraud and false swearing on his part.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J.* Jury trial. *Cotton & Levy,* for plaintiff and appellee. *Hudson & Fearn,* for defendants and appellants.

HOWELL, J. This is an action on a policy of insurance for the sum of $4505 14, the amount of the sworn statement made by the plaintiff of

his loss under an article of the policy. This amount is credited by $364 06, amount for which the damaged goods were sold, leaving the sum of $4141 08, for which judgment is asked.

The defense is that the claim for loss is grossly exaggerated, and that plaintiff had forfeited all claim under the policy by false swearing with the design of defrauding the company.

The case was tried before a jury who gave a verdict for $2250, with interest, and from a judgment thereon the defendants appealed.

The appellants asked the court to charge that " the jury will consider whether the discrepancy between the account sworn to by the plaintiff, and the value as proved on the trial, is to be fairly attributed to an intention to defraud the insurer or to an innocent intention on the part of the assured ; that the burden of explanation is on the plaintiff; and that if the discrepancy is unexplained to the satisfaction of the jury upon a fair consideration of the whole evidence, it imposes upon the assured a forfeiture of all claims under the policy." The judge said, "this is too broadly stated," and gave the following charge:

" I charge you, gentlemen, that you will consider whether the discrepancy or the difference between the account sworn to by the plaintiff, Israel, and the value as proved on the trial is to be fairly attributed to an intention to defraud the company or to an innocent error on the part of the plaintiff. The burden of explaining this difference is, no doubt, upon the plaintiff. If the discrepancy is not explained to your satisfaction upon a fair consideration of all the facts of the case, it would or it may impose upon the assured, the plaintiff in the case, a forfeiture of all claims under this policy. But, gentlemen, in order to ascertain the effect of the failure of the plaintiff in explaining the discrepancy, you must consider all the facts of the case, and if, upon the consideration of all the facts of the case, you find that the plaintiff has not explained, or has failed to explain the difference between the sworn account as presented by him and the value of the goods damaged, as proved on the trial, then it would be for you to decide whether that would raise in your minds such a suspicion of bad faith on his part as to incur the forfeiture of any claim against the company. With this limitation, I will charge you that the difference between the amount sworn to by the plaintiff and the amount proved on the trial of this case is to be considered as evidence of fraud and false swearing, so as to bring him under the clause No. 9 of the policy. It is to be taken with the qualification that I have given you in the charge. This clause No. 9 provides that if the party assured shall be guilty of false swearing with a view to defraud the company, then he shall forfeit his policy and forfeit any right to claim under the policy."

Taken all together the charge given differs from that asked only in

making the jury the judge of the law and facts of the case, in which there is no error.

Upon an examination of the record we see no reason for changing the verdict. In Beck vs. Germania Insurance Company we held that the difference between the amount sworn to by the assured and the value proved on the trial is not necessarily evidence of fraud and false swearing on his part, and we can not say that the jury in this case have erred in their estimate of the evidence.

Judgment affirmed.